# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2398 | **DATE** | Dec. 20, 2002 |
| **CASE TITLE** | Hosley International Trading Corp. | v | K Mart Corp., et al |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]

Memorandum opinion and order entered. Accordingly, plaintiff's motion for summary judgment is denied and defendant's cross motion for summary judgment of non-infringement is granted. Status hearing date of 1/9/03 is stricken.

(11) ☐ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| X | Notices mailed by judge's staff. | | DEC 3 0 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 21 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| GDS | courtroom deputy's initials | 02 DEC 27 PM 3:53 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HOSLEY INTERNATIONAL TRADING CORP., )
an Illinois corporation, )
)
Plaintiff, )
) No.   02 C 2398
v. )
) Judge Robert W. Gettleman
K MART CORP., a Michigan corporation, and )
DESIGNCO, an Indian company, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Hosley International Trading Corporation ("Hosley") brought this design patent infringement action against defendants K Mart Corporation ("K Mart")[1] and Designco, seeking damages and injunctive relief. Before the court are plaintiff's motion for summary judgment of infringement against Designco and Designco's cross-motion for summary judgment of non-infringement, pursuant to Fed. R. Civ. P. 56. For the reasons discussed herein, plaintiff's motion is denied and Designco's cross-motion is granted.

## BACKGROUND

Plaintiff owns U.S. Design Patent No. 412,369 ("the '369 patent"), which relates to an ornamental design for a cauldron-shaped votive candle holder. Designco, an Indian company,

---

[1] K Mart is currently operating its business as a chapter 11 Debtor in Possession pursuant to 11 U.S.C. §§ 1107 and 1108, and thus plaintiff's action against K Mart (with respect to K Mart's pre-petition business activity) was automatically stayed, as provided in 11 U.S.C. § 362(a). On April 25, 2002, plaintiff moved the bankruptcy court for relief from the automatic stay in order to pursue its claims against K Mart in the instant dispute. As of the date of the instant ruling, the court is of the understanding that the automatic stay remains in effect, without modification.

has imported, and continues to import, cauldron-shaped votive candle holders that are sold in the United States. According to plaintiff, Designco's candle holder infringes the '369 patent.

Plaintiff has moved for summary judgment, arguing that no factual issues exist regarding Designco's alleged infringement of the '369 patent. In response, Designco argues that, (1) plaintiff is not entitled to summary judgment because material issues of fact exist with respect to whether the Designco candle holder is substantially similar to the '369 patent, and (2) it is entitled to a finding of summary judgment of non-infringement because its product does not include two novel, ornamental features of the '369 patent.

## DISCUSSION

Summary judgment is appropriate in a patent infringement case. See Avia Group Int'l, Inc. v. L.A. Gear California, Inc., 853 F.2d 1557, 1561 (Fed. Cir. 1988) ("It is no longer debatable that the issues in a patent case are subject to summary judgment."); Moen Inc. v. Foremost Int'l Trading, Inc., 38 F. Supp. 2d 680, 681 (N.D.Ill. 1999).

A movant is entitled to summary judgment under Fed. R. Civ. P. 56 when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Unterreiner v. Volkswagen of America, Inc., 8 F.3d 1206, 1209 (7th Cir. 1993). Once a moving party has met its burden, the nonmoving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. See Fed. R. Civ. P. 56(e); Becker v. Tenenbaum-Hill Assoc., Inc., 914 F.2d 107, 110 (7th Cir. 1990). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere

existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

A determination of whether a design patent is infringed requires, (1) construction of the patent claim, and (2) comparison of the construed claim to the accused product. Contessa Food Products, Inc. v. Conagra, Inc., 282 F.3d 1370, 1376 (Fed. Cir. 2002) (citing Elmer v. ICC Fabricating, Inc., 67 F.3d 1571, 1577 (Fed. Cir. 1995)).

Construction of the '369 Patent

A design patent protects the novel, ornamental features of the patented design, rather than its functional features. See Oddzon Products, Inc. v. Just Toys, Inc., 122 F.3d 1396, 1405 (Fed. Cir. 1997). When a design contains both functional and non-functional elements, "the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent." Id.

If a particular design is essential to the use of the article of manufacture, then it is primarily functional and cannot be the subject of a design patent. L.A. Gear, Inc. v. Thom McAn Shoe Co., 988 F.2d 1117, 1123 (Fed. Cir. 1993). Conversely, if there are several ways to achieve the function of an article, the design of that article is more likely to serve a primarily ornamental purpose. Id. These principles regarding the functionality-ornamentality distinction were pronounced initially by the Federal Circuit in the context of challenges to design patent validity, but have been applied routinely by district courts in the context of claim construction as well. See, e.g., Trucook v. Bond/Helman, Inc., No. 00C4865, 2001 WL 826864, at *2 (N.D.Ill. July

18, 2001); Hsin Ten Enterprises USA, Inc. v. Clark Enterprises, 149 F.Supp.2d 60, 63 (S.D.N.Y. 2001).

The scope of a claimed design encompasses "its visual appearance as a whole, and in particular the visual impression it creates." Contessa, 282 F.3d at 1376. Accordingly, design patents are generally limited to what is shown in the patent application drawings. Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co., 162 F.3d 1113, 1116 (Fed. Cir. 1998); In re Mann, 861 F.2d 1581, 1582 (Fed. Cir. 1988). With these standards in mind, the court turns to the construction of the '369 claim.

The '369 patent claims "the ornamental design for a cauldron-shaped votive candle holder, as shown and described."[2] The pictures depict a cauldron with a smooth, hemisphere-shaped body, rounded opening at top, and flat, circular bottom.[3] A ring is attached around the outer edge of the cauldron, near the rounded opening. A curved handle in the shape of a semi-circle, with raised ornamentation on its outer surface, is attached near the opening, just above the ring. A cut-out design at a middle portion of body and a hanging stand are presented in broken lines for purposes of illustration only and form no part of the claimed design.

Notwithstanding plaintiff's argument to the contrary, the court concludes that the ring near the opening of the cauldron-shaped body and the ornamentation on the handle are included

---

[2]Figures depicting the '369 patent and defendant's allegedly infringing product are attached for illustrative purposes.

[3]Designco maintains that the smooth exterior is functional, rather than ornamental, because a smooth surface is cheaper to manufacture. In the absence of evidence substantiating this assertion, the court concludes that the smooth surface is ornamental. In addition, the rounded opening at top, and the flat, rounded bottom are also ornamental, rather than functional, because the functions of those features (presumably to (1) allow smoke and heat to escape, and (2) prevent the candle holder from tipping over) could have been achieved in a variety of ways.

as part of the claimed design. In every figure depicting the handle, the raised ornamentation is visible and is not depicted in broken lines. Similarly, in every figure depicting the upper portion of the body of the candle holder, the ring near the top edge of the body is included in solid lines.

Plaintiff certainly recognized its ability to disclaim certain features in the '369 patent by using broken lines, as demonstrated by the broken line detail that plaintiff included with respect to the optional cut-out design on the front of the cauldron-shaped body and the hanging stand. Indeed, the verbal descriptions accompanying the perspective views in figures 8 and 15 include the following language: "decorative detail in broken lines for purposes of illustration only and forming no part of the claimed design." To this end, plaintiff admits that "every feature shown in solid lines in the drawings of the '369 patent forms part of the claim." Accordingly, the court concludes that the ring and raised ornamentation on the handle, as depicted in the '369 patent, are part of the claimed design.

## Comparison of the '369 Patent to Defendant's Product

Design patent infringement is a question of fact, which must be proven by a preponderance of the evidence. L.A. Gear, 988 F.2d at 1124. In order to find design patent infringement, two distinct tests of comparison must be satisfied: (1) the "ordinary observer" test, and (2) the "point of novelty" test. Contessa, 282 F.3d at 1377 (citing Unidynamics Corp. v. Automatic Products Int'l, Ltd., 157 F.3d 1311, 1323 (Fed. Cir. 1998)); Sun Hill Indus., Inc. v. Easter Unlimited, Inc., 48 F.3d 1193, 1197 (Fed. Cir. 1995).

In Gorham Mfg. Co. v. White, 81 U.S. 511, 528 (1871), the "ordinary observer" test was described as follows:

[I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.

Basing an infringement finding on features of the commercial embodiment not claimed in the patent constitutes legal error. Sun Hill, 48 F.3d at 1196. Thus, in conducting the "ordinary observer" test, the accused product must be compared to the claimed design to determine whether the two designs are substantially similar. Id. (Fed. Cir. 1995) (citing Unette Corp. v. Unit Pack Co., Inc., 785 F.2d 1026, 1028 (Fed. Cir. 1986)).

Moreover, the "ordinary observer" test requires consideration of all of the ornamental features illustrated in the figures of the design patent. Contessa, 282 F.3d at 1378. To this end, "the patented design is viewed in its entirety, as it is claimed." Id. (citing L.A. Gear, 988 F.2d at 1125).

Designco argues that because its product does not appropriate the ring at the top of the cauldron and does not have a raised pattern on its handle, plaintiff cannot satisfy the "ordinary observer" test. Designco also submits that plaintiff's motion for summary judgment must be denied because plaintiff has failed to provide probative evidence, such as depositions of disinterested parties, surveys, or focus group results, that would establish a prima facie case of design patent infringement. Last, Designco maintains that contested issues of material fact exist with respect to, (1) which features are ornamental versus functional, (2) the standard of purchasing care exercised by the hypothetical ordinary observer, and (3) whether the ordinary observer would likely be confused by Designco's product.

To begin, the court notes that Gorham does not prohibit a trier of fact from relying exclusively or primarily on a visual comparison of the patented design and the accused device's design in finding design patent infringement. Braun Inc. v. Dynamics Corp. of America, 975 F.2d 815, 821 (Fed. Cir. 1992). The utility of empirical data, such as surveys or focus group results, varies with the circumstances of the case. See id. ("Simply put, a jury, comprised of a sampling of ordinary observers, does not necessarily require empirical evidence as to whether ordinary observers would be deceived by an accused device's design."). Thus, the absence of empirical data does not, in and of itself, preclude summary judgment of infringement in the instant dispute. See Moen Inc. v. Foremost International Trading, 38 F. Supp. 2d 680, 683 (N.D.Ill. 1999) (granting summary judgment for plaintiff in design infringement case in the absence of empirical evidence showing that ordinary observers were deceived by defendant's product).

Nonetheless, after conducting a visual comparison of Designco's product with the '369 patent claim, the court finds that triable issues of fact exist with respect to the "ordinary observer" test. Drawing all reasonable inferences in favor of defendant, the absence of the ring and the raised pattern on the handle of Designco's product is neither so glaring nor so inconsequential as to dictate only one reasonable outcome in the instant dispute. Accordingly, the court denies plaintiff's motion for summary judgment of infringement.

This does not conclude the court's analysis, however. As noted earlier, the "ordinary observer" and "point of novelty" tests are distinct, and both must be satisfied in order to find design patent infringement. Thus, even assuming that plaintiff could meet the requirements of the "ordinary observer" test, Designco is entitled to a finding of summary judgment of non-

7

infringement if no reasonable factfinder could conclude that plaintiff satisfies the "point of novelty" test.

The "point of novelty" test requires that "the accused design contain substantially the same points of novelty that distinguished the patented design from the prior art." See Goodyear Tire & Rubber Co., 162 F.3d at 1118. In conducting this analysis, a trial court may not look to the claimed overall design as the point of novelty. Sun Hill, 48 F.3d at 1197. "To consider the overall appearance of a design without regard to prior art would eviscerate the purpose of the 'point of novelty' approach, which is to focus on those aspects of a design which render the design different from prior art designs." Id.

The dispute in the instant case with respect to the "point of novelty" test hinges, not surprisingly, on the parties' identification of the novel elements of the '369 patent. According to plaintiff, "It is the combination of ornamental features that is the point of novelty of the claimed design. Specifically, the candleholder design combining a cauldron shaped body with a substantially smooth exterior, a generally rounded body, a top with a circular opening, a hollow interior, a flat circular bottom, and a curved handle forms the point of novelty."

In response, Designco maintains that "plaintiff's characterization clearly includes several old features, and focuses attention on overall similarity, not novel aspects of the claimed design." Moreover, according to Designco, plaintiff's description of the point of novelty improperly excludes the ornamentation on the handle and the ring at the top of the candle holder, both of which are conspicuously visible in all the figures of the '369 patent and were not included in the

prior art. Designco maintains that the absence of these two elements defeats plaintiff's ability to satisfy the "point of novelty" test.

Seven prior art references were cited in the prosecution of the '369 patent application: U.S. Design Patent Nos. 345,621 ("the '621 patent") and 373,001 ("the '001 patent"); U.S. Patent Nos. 848,988 ("the '988 patent") and 3,244,872 ("the '872 patent); the "cauldron candle holder" depicted on page 42 of "The Gift and Art Buyer" catalog, dated July 1955; the "pumpkin bucket" depicted on page 3 of the "Blinky" catalog, dated February 1995; and the "terra cotta jack-o'-lantern votives" depicted on page 8 of the "Lillian Vernon" catalog, dated August 1995. All of these references, with the exception of the '988 patent, were included as exhibits to plaintiff's response to Designco's cross-motion for summary judgment of non-infringement. With these prior art references in mind, the court turns to the points of novelty of the '369 patent.

As Designco notes, two prominent ornamental features of the '369 patent that were not observed in any of the prior art include the raised ornamentation on the handle and the ring near the top edge of the cauldron-shaped body. Notwithstanding plaintiff's attempts to disclaim these features and discount their importance, the ring and raised ornamentation on the handle are properly characterized as points of novelty. As noted earlier, these features are depicted prominently, in solid lines, in the figures illustrating the '369 patent. If plaintiff intended to disclaim the raised ornamentation and ring, it should have depicted those features using dotted lines in its application for the '369 patent, rather than seeking to deemphasize them after the fact in the context of litigation.

Plaintiff does not dispute that the remaining ornamental elements of the '369 patent are not novel: the cauldron-shaped body of the '369 patent design was depicted in the cauldron

candle holder; the '001 patent design includes a smooth exterior; the generally rounded body and hollow interior are depicted in the '621 patent as well as the terra cotta jack-o'-lantern; the flat, circular bottom and rounded opening are depicted in both the pumpkin bucket and the terra cotta jack-o'-lantern; and the curved handle also appears in at least the pumpkin bucket.[4]

Plaintiff acknowledges that Designco's product does not include ornamentation on its handle or a ring near the top edge of its body. The dispute, rather, focuses on whether the absence of these two points of novelty defeats plaintiff's ability to meet the requirements of the "point of novelty" test. Plaintiff cites to L.A. Gear, 988 F.2d at 1126, for the proposition that novelty may "[reside] in the overall appearance of the combination" of features in a patented design, and argues that the combination of non-novel aspects of the '369 patent – the cauldron-shape, smooth exterior, rounded body, flat, circular bottom, rounded opening, and curved handle – is a point of novelty in and of itself that was appropriated by Designco.

In appropriate circumstances, a combination of known elements may constitute a point of novelty. As the district court noted in Bush Indus., Inc. v. O'Sullivan Indus., Inc., 772 F. Supp. 1442, 1452 (D.Del. 1991), "A design's point of novelty need not be one individual newly

---

[4]Designco urges the court to consider U.S. Patent Nos. 5,492,664 and 1,458,687, which were not cited during prosecution of the '369 patent, presumably to narrow the points of novelty in the instant dispute. In response, plaintiff maintains that, absent ambiguity or technical terms that require further elucidation, reliance on extrinsic evidence would be improper. See, e.g., Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1585 (Fed. Cir. 1996) (reliance on extrinsic evidence in utility patent case was "unnecessary and, hence, legally incorrect" because "the specification clearly and unambiguously defined the disputed term in the claim"); Hsin Ten Enterprises USA, 149 F. Supp. 2d at 64 (applying Vitronics to context of design patents). Because the court concludes that the intrinsic evidence, specifically the patent and prosecution history, is sufficient to construe the point of novelty of the '369 patent, the court need not rely on extrinsic evidence in the instant case.

10

developed feature, and may instead be a specific combination of elements not found in the prior art.... The inquiry, however, must focus on the specific aspects of a design, <u>the combination of which makes it new.</u>" (Internal citations omitted. Emphasis added.) See also Rockport Co., Inc. v. Deer Stags, Inc., 65 F. Supp. 2d 189, 195 (S.D.N.Y. 1999) ("A unique combination of known elements can satisfy the point of novelty requirement.").

Nonetheless, given the facts of the instant dispute, plaintiff's argument is unavailing. Plaintiff's construction of the point of novelty conspicuously excludes the raised ornamentation on the handle and the ring, the only two features that distinguished the '369 patent from the prior art. By focusing the court's attention on a carefully-defined combination that includes <u>every</u> ornamental element of the '369 patent, <u>with the exception of</u> these two unambiguous points of novelty, plaintiff essentially seeks to turn the "point of novelty" test on its head.

The "point of novelty" test does not ask how noticeable the points of novelty are; rather, the inquiry focuses on those features of a design that distinguish it from prior art, and thus make it patentable. See Goodyear Tire & Rubber Co., 162 F.3d at 1118 (explaining that the "point of novelty" test requires that "the accused design contain substantially the same points of novelty that distinguished the patented design from the prior art"); Sun Hill, 48 F.3d at 1197 (explaining that the "point of novelty" approach focuses "on those aspects of a design which render the design different from prior art designs"). Because the ring and raised ornamentation on the handle of the '369 patent are properly considered points of novelty that were not appropriated by Designco's product, plaintiff cannot satisfy the "point of novelty" test, and no reasonable jury could conclude that Designco's product infringed the '369 patent. Accordingly, Designco's motion for summary judgment of non-infringement is granted.

11

## CONCLUSION

For the reasons stated herein, plaintiff's motion for summary judgment of infringement is denied, and Designco's cross-motion for summary judgment of non-infringement is granted.

ENTER: December 20, 2002

Robert W. Gettleman
United States District Judge

 

The '369 Patent

 

Designco's Product